# IN THE COURT OF APPEALS OF IOWA

No. 23-0284
Filed January 10, 2024

**DENICO LYDELL JOHNSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Webster County, Rustin T. Davenport, Judge.

The applicant appeals the denial of his application for postconviction relief. **AFFIRMED.**

Eric S. Mail and Eric D. Puryear of Puryear Law P.C., Davenport, for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee State.

Considered by Greer, P.J., Buller, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**GREER, Presiding Judge.**

After pleading guilty to sexual exploitation by a school employee by pattern, practice, or scheme in 2018, DeNico Johnson[1] filed an application for PCR, alleging he received ineffective assistance from trial counsel. The district court denied Johnson's application. On appeal, he reiterates his claim, asserting trial counsel failed to inform him that if he engaged in sexual exploitation of a student without using a pattern, practice, or scheme, the offense was not a felony and, if known, he would have elected to go to trial.

**I. Background Facts and Proceedings.**

In the fall of 2017, while he worked as a paraeducator at a local high school, it was alleged that Johnson met a student in the course of his job, began communicating with that student outside of school hours, and then had sex with the student. The State charged Johnson with sexual exploitation by a school employee by pattern, practice, or scheme, which is a class "D" felony. *See* Iowa Code § 709.15(3)(a)(1) (Supp. 2017).

After initially pleading not guilty, Johnson reached an agreement with the State where he would plead guilty to the charged offense and the State would recommend a five-year prison term, which it would ask the court to suspend, and Johnson would only serve two years of formal probation. Johnson would be free to ask the court for a deferred judgment.

---

[1] The applicant's name is not expressed consistently in the record; at times he is referred to as Denico. Because the name DeNico was more often used in the postconviction-relief (PCR) proceedings, we use that name.

Johnson pled guilty, and the district court later sentenced him in line with the State's recommendations.

Johnson applied for PCR, alleging trial counsel provided ineffective assistance by failing "to advise him as to the lesser included aggravated misdemeanor" of sexual exploitation by a school employee without the element of engaging in a pattern, practice, or scheme. *See id.* § 709.15(3)(a)(2). He contended he would not have pled guilty if he had known of the other option.

Trial counsel testified at the PCR trial by way of deposition. He testified as to the plea negotiations he had with the State, remembering that during her deposition, the student "claimed that during the sex act that she had told Mr. Johnson . . .to stop and that he didn't. He said something along the lines of just let me finish." Based on this anticipated testimony, the State first offered Johnson an opportunity to plead guilty to the charged "D" felony with a joint recommendation for prison time—if Johnson did not take it and instead went to trial, the State would charge Johnson with third-degree sexual abuse, a class "C" forcible felony. While the trial attorney tried to negotiate a deferred judgment for Johnson, the State's final, best offer was the plea agreement Johnson took—a guilty plea with the State recommending a suspended prison sentence and no additional charges. The trial attorney did not recall ever speaking with Johnson about the aggravated misdemeanor of sexual exploitation by a school employee; he opined it was not a lesser-included offense of the class "D" felony because "[y]ou can commit the ['D'] felony without committing the aggravated misdemeanor."

Johnson also testified at the PCR trial. He testified that, before pleading guilty, he was not aware there was a similar crime of sexual exploitation by a school employee. He asserted that if he knew the other offense existed, he would not have pled guilty to the class "D" felony and instead would have insisted on going to trial. On direct examination at the PCR trial, Johnson testified that he did not have sex with the student. On cross-examination, the State then asked Johnson why—while under oath at the plea hearing—he told the court he did. Johnson responded he was advised "to agree to what they're accusing you of."

The court asked Johnson:

This doesn't totally make sense to me, so I'll try to explain why it's not making sense to me.

So you're sitting looking at a class "D" felony charge with a five-year sentence. Now, the contention here is that there wasn't a factual basis to one of those elements, the part about the—the plan or scheme, or whatever the wording is.

So if I'm in your shoes, I'm thinking, "Well, if the State can't prove that, then I'm going to be—instead of serving five years in prison possibly, I'm going to have—serve zero years in prison possibly."

So the fact that there's a possible two-year sentence that would be available if you went to trial, to me, that doesn't make any sense, because if I think the State can't prove that element and I know I'd be acquitted and have a zero instead of a five, then I wouldn't plead guilty to that and put the State to the proof.

So I don't understand how the two-year aggravated factored into that. And, Mr. Johnson, if you can try to explain that to me, that'd be great.

JOHNSON: Yes, sir. So [trial counsel] explained to me, respectfully, that in Fort Dodge and in the state of Iowa, it would be in my best bet to take a plea and not go to trial because of my age and my race.[2] That is what he explained to me.

And I kind of sound [offended] about it, but I trusted [trial counsel]. I took his word for it. And he said that in a town like this, it was not my best judgment to be in front of a trial. That's what he said. So he said that it would actually be wiser to take the plea, because that keeps me out of prison.

---

[2] Johnson is Black.

And so I was twenty-two at the time, didn't know what was going on. Again, I'm ignorant to law and ethics; and so knowing [trial counsel] prior to that, I felt that what he explained to me, I trusted what he said. And I honestly thought that it was brave for him to explain it to me that way, so I kind of accepted what he guided me to believe. I didn't think I would have a chance in a trial, and—because of those circumstances.

And he also was, like—you know, [trial counsel], he just—you know, he said, like, you're handsome, you're young, and then like he said, that a—a trial or jury would not side with me based off of my age and my—my race.

And so with the five years or two years, or anything like that, he kind of made it seem—he made it to where the plea would keep me out of prison regardless. So I didn't know about five years or two years, or anything. I didn't know—We never really discussed anything outside of that. The only years of prison that I remember [trial counsel] saying was ten years in prison, and that was if I did not take the plea and they would charge me with third degree [sexual abuse].

And so it was—only amount of years that was ever spoken was ten years in prison because of what I wouldn't plead to. But I never knew anything about five years or two years or—Based on what [trial counsel] explained to me, I didn't think I would have a chance of no years to be acquitted. I didn't think that we—I don't know. I really—I really—I really feel uncomfortable to play the race card, but that's the truth of the matter.

And so being from where I'm from, and being educated as being Black, it's kind of said that the law is against us. And so when I heard [trial counsel] say that, my mind went to, like, "How can I stay out of prison, I guess, to the best of my ability?" And so that's why I took the plea, based off of what my attorney educated me on.

The court denied Johnson's application, concluding that Johnson (1) failed to establish trial counsel breached an essential duty or performed less than competently by not advising Johnson of the aggravated-misdemeanor crime of sexual exploitation and (2) did not credibly show he would have insisted on going to trial if counsel told him about the offense. The court concluded Johnson's "credibility is questionable following his testimony that he lied under oath when he was pleading guilty to the class 'D' felony," and it questioned the logic of Johnson's

assertion that, if he had known of the offense the State was more likely to be able to prove he was guilty of, he would have elected to go to trial and face prison time.

Johnson appeals.

**II. Standard of Review.**

The Sixth Amendment guarantees defendants the right to effective assistance of trial counsel. *State v. Senn*, 882 N.W.2d 1, 16 (Iowa 2016). So when an applicant asserts they received ineffective assistance from trial counsel, their PCR claim is constitutional in nature, and we review de novo. *Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011).

**III. Discussion.**

"[A]ll [PCR] applicants who seek relief as a consequence of ineffective assistance of counsel must establish counsel breached a duty and prejudice resulted." *Castro v. State*, 795 N.W.2d 789, 794 (Iowa 2011). "We start with the presumption that the attorney performed competently and proceed to an individualized fact-based analysis." *Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012). In the guilty-plea context, to establish prejudice, an applicant must show there is a reasonable probability that, but for counsel's error, he or she would not have pled guilty and instead would have insisted on going to trial. *Sothman v. State*, 967 N.W.2d 512, 523 (Iowa 2021).

Johnson maintains sexual exploitation by a school employee pursuant to Iowa Code section 709.15(3)(a)(2), which is an aggravated misdemeanor, is a lesser-included offense of felony sexual exploitation by a school employee by pattern, practice, or scheme under section 709.15(3)(a)(1). *Compare* Iowa Code § 709.15(5)(b), *with id.* § 709.15(5)(a). Relying solely on one out-of-state authority,

Johnson claims that trial counsel has a duty to inform a defendant of any lesser-included offenses before they plead guilty. In response, the State points out that Iowa Rule of Criminal Procedure 2.8(2)(b) does not list lesser-included offenses as one of the things a defendant pleading guilty must understand for a guilty plea to be knowing and intelligent; the State contests whether trial counsel has a duty to inform a defendant of possible lesser-included crimes. And, the State maintains, sexual exploitation by a school employee is not a lesser-included offense of the crime to which Johnson pled guilty, so even if counsel has a duty to inform the defendant of them, there was no such duty in this case.

Because "[w]e may affirm the district court's rejection of an ineffective-assistance-of-counsel claim if either element is lacking," here we bypass the parties' fight over the duty element and resolve Johnson's claim on the prejudice prong. *See Lamasters*, 821 N.W.2d at 866 (citation omitted). The only evidence Johnson would have elected to proceed to trial if he was aware of the aggravated misdemeanor crime is his self-serving testimony; and that testimony was found to be not credible. *See Dempsey v. State*, 860 N.W.2d 860, 873 (Iowa 2015) (rejecting applicant's ineffective-assistance claim when applicant "presented little more than his own subjective, self-serving testimony in support of" the claimed prejudice). We defer to the district court's credibility findings. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). As the district court noted, Johnson's stated reason for electing to plead guilty was his concern that being a young, Black man would make it difficult to get an acquittal from a jury. Those concerns would not be alleviated by the inclusion of a possible lesser-included offense against him. If anything, the State's plan to bring another charge with more prison time if

Johnson insisted on going to trial would have heightened Johnson's concerns about what was at stake in the jury trial. And as the district court noted, Johnson's counsel negotiated a plea agreement that was "successful in avoiding these possible more severe consequences [a term of years in prison]" and the more credible evidence reflected that the actual plea agreement was the best path for Johnson to alleviate his concerns over going to prison.

Because Johnson did not establish he would have insisted on going to trial if he was told about sexual exploitation by a school employee, an aggravated misdemeanor, his claim of ineffective assistance fails. We affirm.

**AFFIRMED.**